**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**
Washington, D.C.

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT DOUBLE UNITED STATES BASIS OFFICERS RAJ K. PATEL, from his individual capacity, *Plaintiff-Petitioner* v. THE UNITED STATES COURT OF INTERNATIONAL TRADE, *Respondent* | No. _____ Dated: July 31, 2026 |

**PETITION FOR A WRIT OF MANDAMUS**
**TO THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**TO FILE PLAINTIFF-PETITIONER RAJ K. PATEL'S RECEIVED COMPLAINT**

I, T.E., T.E Raj K. Patel (*pro se*), the Plaintiff-Petitioner, a natural-born citizen of the United States and a residence of Zionsville, Boone County, Indiana, hereby petition for a writ of **MANDMAUS** to the United States Court of International Trade in New York to file the received complaint so that the jurisdictions of the President, the Supreme Court, and this court are not prevented and so that Patel's Due Process rights, his 14th Amendment Privileges as a United States Citizen, and 1st Amendment rights to grieve before the government are entertained to provide relief to an injury-in-fact under trade law. Ex. A (second complaint that Patel seeks to file in the court below). *Mathews v. Eldridge*, 424 U.S. 319 (1976) (citizens are entitled to a public hearing when challenging the denial of a government benefit, such those in trade law of citizens of signing countries).

**ISSUE PRESENTED**

1. Does the 14th Amendment Privileges or Immunities Clause permit Patel, who is a natural-born United States citizen, *mandatory* access to the U.S. Court of International Trade for review of a well-pleaded complaint? **Yes. *Slaughterhouse Cases*, 83 U.S. 36, 79 (1872).**

1

The 14th Amendment Privilege, furthering inherited common law, states that all U.S. citizens must be allowed to appear in courts of justice, like the court below, with or without a lawyer.

2. Does the 1st Amendment allow Patel to submit his grievance in the form of a pleading for review by an Article III judge, an officer of the United States government who is appointed by the President and confirmed by his elected senators, of the United States Court of International Trade? **Yes. The 1st Amendment right includes the right of citizens and non-citizens to complaint to government and seek aid by governmental jurisdiction for relief.** *Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 742-43 (1983). *See also Id.* (citing *California Motor Transp. Co. v. Trucking Unlimited*, 404 U. S. 508, 510 (1972)).

3. Does the 5th Amendment Due Process Clause allow Patel the right to access the judges of the U.S. Court of International Trade for a public ruling on his complaint? **Yes.** *Boddie v. Connecticut*, **401 U.S. 371 (1971).** *Bounds v. Smith*, **430 U.S. 817 (1977). Judges decide when to apply the sovereignty of the U.S. Constitution and Government. These judges are regulated by Congress so that anyone in the world can access these courts against the political branches of government or department. If the U.S. Court of International Trade deems that it lacks jurisdiction, then it should cure the want of jurisdiction by its duty under 28 U.S.C. § 1631.** *But see* **28 U.S.C. § 1585.** *Yow v. United States*, **208 U.S. 8 (1908) (when a person is debating liberties, he is entitled to a fair hearing).**

4. Does the EPC require court judges rather than clerks to decide the merits of a complaint? **Yes.** *Vill. of Willowbrook v. Olech*, **528 U.S. 562 (2000). Article III courts are judicial courts upon which a judge issues a binding decision. A clerk, separate from the court, is meant to prevent abuse of power from the judge by neglecting documents or stealing money. Clerks are to submit the documents before the judge for review. A judge's**

power, as explained by several Associate Justices of the Supreme Court, is to based judgement based upon the information presented to them. Clerks should present all documents to the judge and other parties of interests.

5. Does Due Process require the Clerk of the U.S. Court of International Trade or its judges to file and docket the received complaint and issue a public ruling of non-justifiability rather than prevent the complaint from entering the public record through an off-the-record private dismissal? **Yes. *Vill. of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252 (1977). The court should have accepted the complaint and accompanying forms entirely. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). Judges should docket complaints even if a court does not have subject-matter jurisdiction see *Dred Scott v. Sandford*, 60 U.S. 393 (1856). Besides accessing the "institutions" of the United States is the policy purpose of the Bill of Rights. *Waller v. Georgia*, 467 U.S. 39 (1984). Jurisdiction is proper under 28 U.S.C. § 1581(i), General Agreement on Tariffs and Trade of 1994, Article XVII & XVIII(10).**

### THE FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED BY THIS PETITION

6. Raj K. Patel is a natural born United States citizen residing in Zionsville, Boone County, Indiana. He is also a dual citizen of India residing in the United States.

7. Patel sent a complaint dated June 18, 2026 to the U.S. International Trade Court in New York via USPS Mail.

8. The Complaint was pled under international trade law with demand of common law legal and equitable remedy under 28 U.S.C. § 1585. Specifically, the crux of the argument is that Patel is legally entitled under trade law to augment the setting and manifestation of his own penis to his subjective desirability which requires state technologies commanded by the United States. Further, Patel adds since the United States sells these technologies and trains

3

censors to perform these tasks for nation building efforts across the world and for non-United States citizen then Ordered Liberty causes the United States to provide Patel with access to this trade tool. Research shows that gender expression and identity, including penis sizes, is linked with economic development and environment. Therefore, common law orderly conduct and maintaining the peace requires that Patel be allowed to display himself according to first-world economic development theories, known as eco-gender. *Francis Coralie Mullin v. The Adm'r*, 1981 AIR 746 (India 1981). *Mohini v. St. of Karnataka*, AIR 1992 SC 1858 (India 1992). *Chamali Singh v. St. of U.P.*, AIR 1996 SC 1051 (India 1996). *St. of Punjab v. Ramdev Singh*, AIR 2004 SC 1290 (India 2004).

9. On July 2, 2026, a Deputy Clerk of the U.S. Court of International Trade informed Patel that his screening on the complaint shows that the court lacks subject-matter jurisdiction and therefore the complaint and accompanying documents are being returned without formal presenting or docketing of the complaint. Later that day, Patel received the returned and rejected complaint filing via UPS Mail.

10. On July 5, 2026, Patel submitted a second pro se complaint via USPS mail with updated content and incorporating the U.S. Court of International Trade's jurisdictional assessment.

11. On or around July 27, 2026, Patel received a UPS Envelope that contained his two duplicate copies of his complaint with an identical letter from the Deputy Clerk stating that his complaint lacked jurisdiction.

12. During the week of July 27, Patel left several messages to clerk personnel of the U.S. Court of International Trade to insist public filing so that he may debate jurisdiction with the judges, if necessary, consistent with the 14th Amendment Privileges of the United States citizens, but no one returned a call.

13. This Petition follows.

4

**THE REASON WHY THE WRIT SHOULD ISSUE**

A writ of mandamus is an order from a higher court to an inferior court ordering that court to properly fulfill its official duties or correct an abuse of discretion as required by the issuing higher court. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367 (2004).

This U.S. Court of Appeals for the Federal Circuit reviews rejections of complaints for lack of subject-matter jurisdiction *de novo*. *Hayes v. United States Postal Serv.*, 390 F.3d 1373, 1376 (Fed. Cir. 2004). Upon receiving the complaint, due process requires the clerk to file and assign a docket number to the documents and send them to the judge for review. This separation of powers ensures that the court receives the document and prevents the judge from acting politically. Therefore, due process requires that a judge allow or dismiss the complaint or issues from its jurisdiction. In fact, if the judge thinks that another Article III or non-Article II court like FISA has jurisdiction, then the court should transfer the complaint under 28 U.S.C. § 1631. Now, the interests of all citizens when grieving before the government is to access the right official with competent jurisdiction, and the 14th Amendment Privileges includes going before open court and making a motion before a judge. In fact, there is no reason why pro se plaintiffs should be denied the opportunity to grieve and prosecute a case where the court in its ordinary course of business assigns court-appointed counsel. *Bounds v. Smith*, 430 U.S. 817 (1977). In fact, Patel has clearly suffered a legal injury-in-fact as the U.S. District Courts and state courts have dismissed the issues that are more "meaningful[ly]" mentioned and researched amongst the trade law court. General Agreement on Tariffs and Trade (1947). Therefore, this should order the complaint to be docketed on remand. *Lewis v. Casey*, 518 U.S. 343 (1996). Moreover, the U.S. Supreme Court expects that lowers courts not to prevent it from opining on the same matter of constitutional importance, here, under Ordered Liberty — Americans First. Sup. Ct. R. 20(1). Therefore, this court should instruct the U.S. Court of International Trade to file and assign a docket number to Patel's received complaint. Ex. A.

The U.S. Court of International Trade has abused its discretion by not allowing the complaint. U.S. CIT R. 3 & 5. The USCIT Rules state that only a complaint or another pleading needs to be submitted along with its summons to start a civil action against the Federal government. *Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1188 n. 2 (Fed. Cir. 1996). Due Process requires that the U.S. Court of International Trade give clear notice to "meaningfully" access the court judges. *Mullane v. Cent. Hover Bank & Trust Co.*, 339 U.S. 306 (1950) (parties need to be given an opportunity to present objections). The court abused its discretion when it did not docket the complaint and allow for public issuance of order and scrutiny. The court further abused its discretion in dismissing the complaint off-the-record because it did not allow Patel to have a court-appointed lawyer to defend the jurisdiction, which in its ordinary course of business it does for all pro se plaintiffs who successfully plead subject-matter jurisdiction. Therefore, Patel should have had a court-appointed attorney to defend jurisdiction before the lower court's honorable clerk's or staff attorney's screening.

## CONCLUSION

Therefore, this court should remand to the U.S. Court of International Trade to proceed in docketing the complaint. In the alternative, the petition should be construed for a writ of *procedendo* to rule on the issues presented.

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
4330 Strathmore Lane
Zionsville, IN 46077
Boone County
317-740-8001
rajp2010@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

In addition to service to the United States by the Clerk of the Court of International Trade, I served the following individual via e-mail on _____ :

**CLERK OF US COURT OF INTERNATIONAL TRADE**

Dated: July 31, 2026

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
4330 Strathmore Lane
Zionsville, IN 46077
Boone County
317-740-8001
rajp2010@gmail.com



# EXHIBIT A

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
New York

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT DOUBLE UNITED STATES BASIS OFFICERS RAJ K. PATEL, from his individual capacity, | No. _____ |
| *Plaintiff* | |
| v. | Dated: July 5, 2026 |
| THE UNITED STATES, | |
| *Defendant* | |

## PRO SE COMPLAINT

1. Plaintiff Raj K. Patel files pro se under 28 U.S.C. §§ 1581(i) & 1585.

2. Filings by pro se plaintiffs are reviewed with a more lenient standard than filings made by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007).

## JURISDICTION

3. Plaintiff Patel comes before this court for common law remedies under 28 U.S.C. § 1581(i) and Articles XVII & XVIII(10) of the General Agreement on Tariffs and Trade of 1994. *Francis Coralie Mullin v. The Adm'r*, 1981 AIR 746 (India 1981). *Mohini v. St. of Karnataka*, AIR 1992 SC 1858 (India 1992). *Chamali Singh v. St. of U.P.*, AIR 1996 SC 1051 (India 1996). *St. of Punjab v. Ramdev Singh*, AIR 2004 SC 1290 (India 2004).

4. Plaintiff Patel comes before this court for common law remedies under the human rights effects of Agreement between the United States of America, the United Mexican States, and Canada. Particularly, Plaintiff Patel concentrates on intellectual property and environmental and public health impact on eco-gender.

5. Plaintiff Patel comes before this court for common law remedies under Article 8 of the Doha Declaration on the TRIPS Agreement and Public Health of the World Trade Organization in regards to promoting public health, eco-gender.

6. Plaintiff Patel comes before this court for common law remedies under Trump-Modi COMPACT in promoting businesses of dual citizens.

7. Plaintiff Patel comes before this court for common law remedies under Article 2.4 of Economic and Trade Agreement Between the Government of the United States of America and the Government of the People's Republic of China.

**FACTS**

8. Patel is a natural-born citizen of the United States residing in Zionsville, Indiana, and he is an Oversees Citizen of India residing here in the United States.

9. Patel's tenure at Notre Dame Law School was forced to be terminated in November 2017 because of unbearable inflictions of emotional distress in the form of depression.

10. The inflictions of emotional distress in the form of depression were pre-existing to his application for admissions to Notre Dame Law School and escalated in October 2013 when he was student government president at Emory University in Atlanta, Georgia.

11. In 2018, Patel's depression began to include the reverse growing of his own penis.

12. The United States is responsible for Patel's misfortunate.

13. Patel knows the United States shares its penis amendment technologies or "censorship" technologies with countries around the world and the parties into the trade agreements plead here. Concurrent efforts are also a part of foreign nation building initiatives but done by the United States Department of State.

14. Patel wants his penis set at his subjective measurements, in accordance with first-world eco-gender theories, to maintain his privacy.

15. China promises both length and girth penis size increases on in its medical facilities via its sciences on its free market.

16. The Indian Supreme Court in New Delhi holds that eco-gender is to authorized in accordance to the development of the country of resident on the Indian. Therefore, here, the first-world order in Top 1% of People of the United States.

17. One of Patel's life aspirations was to be the first leading Indian-American porn star in America since 2006, in furtherance of his other career goals.

18. This complaint follows.

## **STATEMENT OF CLAIMS**

19. Claims shall be read in the singular and combination of two or more Defendants.

20. Various liability of agents, for which the United States is respondent superior, should be considered for each claim.

### **Claim 1. 28 U.S.C. § 1581(i)(1), G.A.T.T. of 1994, Article XVII & XVIII(10)**
19 U.S.C. § 3512(c)(1)

- Patel incorporates the paragraphs above.

- Defendant United States prevented bringing in Chinese technologies under treaty that would allow medical intervention and is "mutually beneficial" to the United States and the foreign country, upon which Plaintiff Patel relied upon.

- Defendants United States caused the breach.

- Patel suffered damages from the United States.

- Therefore, Patel should be awarded earned legal and equitable remedies the court sees proper.

## Claim 2. Due Process – Article 8 of Doha Declaration
### (re-set penis as his size)

- Patel incorporates the paragraphs above.

- Defendant United States breached its duties under international trade regulations in protecting and promoting its own public health over those of other countries when it allowed for Patel's penis to be re-set without his consent in accordance with values in the first world development.

- Defendants United States caused the breach.

- Patel suffered damages from the United States.

- Therefore, Patel should be awarded earned legal and equitable remedies the court sees proper.

## Claim 3. Equitable Remedy
### (re-set penis size)

- Patel incorporates the paragraphs above.

- Therefore, Patel respectfully requests this court the same under due course of law.

## Claim 4. Due Process – Modi-Trump COMPACT
### (deprivation of life)

- Patel incorporates the paragraphs above.

- Plaintiff Patel was deprived of life when his penis was re-set to a size smaller than what he usually had until April 2018 which removed him from being the professional porn star he always wanted to be since 2006.

- Defendant United States caused this deprivation of life.

- Patel looks to reconsider the status quo ante on his penis.

- Patel suffered damages from the United States.

## Claim 5. Equitable Remedy
### (deprivation of life)

- Patel incorporates the paragraphs above.

- Patel suffered damages from Defendant.

<h3 style="text-align:center">Claim 6. Due Process – Article 2.4 U.S-China ETA</h3>
(alternative access to medicine)

- Patel incorporates the paragraphs above.

- Defendant United States violated Patel's due process and deprived him of life when it refused to ask and receive a hospital medical technology transfer between Chian and the USA that promises both length and girth size increases to penis.

- Therefore, Patel should be awarded earned legal and equitable remedies the court sees proper.

<h3 style="text-align:center">Claim 7. Equitable Remedy</h3>
(alternative access to medicine)

- Patel incorporates the paragraphs above.

- Therefore, Patel should be awarded earned legal and equitable remedies the court sees proper.

<h3 style="text-align:center">Claim 8. Common Law Equitable Remedy – USA-UMS-Canada & Others Trade Deals</h3>
(Deprivation of Liberty // Ordered Liberty)

- Patel incorporates the paragraphs above.

- Therefore, Patel should be awarded earned legal and equitable remedies the court sees proper.

<h3 style="text-align:center">Claim 9. Trade-Law Access to Imported Medical Technology</h3>
(limb enlargement technology and medical access)

- Patel incorporates the paragraphs above.

- Patel alleges that foreign medical technology for limb enlargement is merchandise, know-how, service capacity, or intellectual property affected by international trade laws and agreements.

- Patel alleges that Defendant United States, through trade administration, import regulation, licensing, technology-transfer policy, customs enforcement, or public-health trade policy, failed to provide a lawful path for access to the requested limb enlargement technology.

- Patel alleges that this failure deprived him of the claimed benefit of trade agreements that promote access to medical technology, public health, intellectual property balancing, and mutually beneficial commerce.

- Patel seeks declaratory and equitable relief requiring the United States to identify, permit, or not obstruct any lawful trade channel for access to the requested medical technology, subject to applicable health, safety, and regulatory requirements.

### Claim 10. Alternative Claim for Reviewable Agency Action
(trade administration, technology transfer, and medical access)

- Patel incorporates the paragraphs above.

- In the alternative, Patel alleges that any refusal, delay, or failure to act concerning access to foreign limb enlargement technology is reviewable because it arises from the administration or enforcement of laws relating to importation, trade restrictions, technology transfer, intellectual property, or public-health trade policy.

- Patel alleges that the United States acted arbitrarily, exceeded its authority, or failed to exercise lawful discretion by not recognizing a trade-law route for access to the requested medical technology.

- Patel seeks a declaration of rights and an order requiring the United States to consider the request under the proper trade-law framework, without requiring the Court to practice medicine or approve any specific medical procedure.

### <u>RELIEF SOUGHT</u>

As provable the following award damages or issue writ to Patel against the United States:

- Have Patel's penis re-set by the appropriate legal remedy or device, including under due process and equal protection clause.

- Award restitution damages of $50,000,000.

- Award mental pain and suffering damages of $330,000,000.

- Grant the abilities he was deprived of.

- Any other remedy the court thinks proper in furtherance of Plaintiff's interests.

Sincerely,

/s/ Raj K. Patel

T.E.,E. Dr. Raj K. Patel, AA, BA, JD*

4330 Strathmore Lane

Zionsville, IN 46077

317-740-8001 (cell)

rajp2010@gmail.com

## CERTIFICATION OF SERVICE

I provided service to the following individuals on 5th Day of July 2026 with complaint, IFP motion, form 5, form 13, and summons:

**United States**
Clerk of U.S. Court of International Trade

Sincerely,

/s/ Raj K. Patel

Dr. Raj K. Patel, AA, BA, JD*

4330 Strathmore Lane

Zionsville, IN 46077

317-740-8001 (cell)

**UNITED STATES COURT OF INTERNATIONAL TRADE**          **FORM 4**

| |
|---|
| pTHE EXCELLENT THE EXCELLENT DOUBLE UNITED STATES BASIS OFFICERS RAJ K. PATEL, from his individual capacity, |

<blockquote>Plaintiff,</blockquote>

 v.

 UNITED STATES,

<blockquote>Defendant.</blockquote>

**SUMMONS**
**Court No.**

**TO:**   The Above-Named Defendant:

You are hereby summoned and required to serve on plaintiff's attorney, whose name and address are set out below, an answer to the complaint which is herewith served on you, within 21* days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.



**/s/ Gina Justice**
Clerk of the Court

Name, Firm, Address, Telephone Number and
E-mail Address of Plaintiff's Attorney

 /s/ Raj K. Patel
_____
Signature of Plaintiff's Attorney

| |
|---|
| Raj K. Patel 4330 Strathmore Lane Zionsville, IN 46077 317-740-8001 rajp2010@gmail.com |

7/5/2026
_____
        Date

*  If the United States or an officer or agency thereof is a defendant, the time to be inserted as to it is 60 days, except that in an action described in 28 U.S.C. § 1581(f) the time to be inserted is 14 days.

(As amended Sept. 30, 2003, eff. Jan. 1, 2004; Nov. 28, 2006, eff. Jan. 1, 2007; Dec. 7, 2010, eff. Jan. 1, 2011; July 17, 2017, eff. July 17, 2017; Oct. 25, 2017, eff. Oct. 25, 2017; Oct. 1, 2025, eff. Oct. 1, 2025; Oct. 23, 2025, eff. Dec. 1, 2025.)

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TEE Double US Basis Officer Raj K. Patel | ) |
| *Plaintiff/Petitioner* | ) |
| v. | )  Civil Action No. |
| United States | ) |
| *Defendant/Respondent* | ) |

### APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name.  I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.*  If I am employed, my employer's name and address are:

PM k Corp
6850 e 21st st
Indianapolis, IN 46219

My gross pay or wages are:  $ _____1,892.00__ , and my take-home pay or wages are:  $ _____1,450.00__ per

*(specify pay period)* _____monthly_____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ❐ Yes | ☑ No |
| (b) Rent payments, interest, or dividends | ❐ Yes | ☑ No |
| (c) Pension, annuity, or life insurance payments | ❐ Yes | ☑ No |
| (d) Disability, or worker's compensation payments | ❐ Yes | ☑ No |
| (e) Gifts, or inheritances | ❐ Yes | ☑ No |
| (f) Any other sources | ❐ Yes | ☑ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

4.  Amount of money that I have in cash or in a checking or savings account:  $ _____ 9.00 .

5.  Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

N/A

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

$700/month credit card repayment; $600 non-insurance medical care; $86,000 in debt to repay

7.  Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

n/a

8.  Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

$86,000 in loan repayment

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____07/05/2026_____          _____/s Raj K. Patel_____
                                                                           *Applicant's signature*

                                                                           _____Raj K. Patel_____
                                                                           *Printed name*

**FORM 13**

## UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York  10278

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

This notification is submitted by <u>Raj K. Patel</u>

(Name of attorney of record)

on behalf of <u>Raj K. Patel</u> in the
matter of <u>Patel</u> v. <u>US</u> ,
Court No. _____ .

1. If this statement is submitted on behalf of a corporate party, that entity shall identify below the entity's parent corporation(s), all of its publicly-owned companies, any publicly-held company that has a 10% or greater ownership interest in the entity, and any publicly-owned affiliate of the entity, and describe the relationship between the party and each identified company.
<u>n/a</u>
_____
_____

2. Indicate whether the party on whose behalf this Form is being filed is ☑ or is not ☐  the real party in interest.  If not, identify below the real party in interest.
_____
_____
_____

3. If this statement is submitted on behalf of a trade association, identify below each publicly-owned member of the trade association.  (Attach additional pages if necessary.)
<u>n/a</u>
_____
_____

<u>/s/ Raj K. Patel</u>       <u>7/5/2026</u>
Signature of Attorney          Date
<u>pro se</u>
Firm
<u>4330 Strathmore Lane</u>
Street Address
<u>Zionsville, IN 46077</u>
City, State and Zip Code
<u>317-740-8001</u>
Telephone Number
<u>rajp2010@gmail.com</u>
E-mail Address

SEE REVERSE SIDE

(As added Nov. 4, 1981, eff. Jan. 1, 1982; and amended Dec. 18, 2001, eff. Apr.1, 2002; Sept. 28, 2004, eff. Jan. 1, 2005; June 11, 2024, eff. Aug. 1, 2024; Oct. 23, 2025, eff. Dec. 1, 2025.)

# UNITED STATES COURT OF INTERNATIONAL TRADE

## INFORMATION STATEMENT

*(Place an "X" in applicable ☐)*

| | |
|---|---|
| **PLAINTIFF:**<br>RAJ K. PATEL<br><br>**ATTORNEY** (*Name, Firm, Address, Telephone Number, E-mail Address*): Raj K. Patel<br>    4330 Strathmore Lane<br>    Zionsville, IN 46077<br>    rajp2010@gmail.com<br>    317-740-8001 | **COURT NO.:** |

### CONSTITUTIONAL ISSUE - 28 U.S.C. § 255

**If this action raises an issue of the constitutionality of an Act of Congress, a proclamation of the President or an Executive order, check this box: ■**

Ordered Liberty requires certain implementations

### J U R I S D I C T I O N

**28 U.S.C. § 1581(a) - Tariff Act of 1930, Section 515 - 19 U.S.C. § 1515**

☐ Appraisal      ☐ Classification      ☐ Charges or Exactions      ☐ Vessel Repairs

☐ Exclusion      ☐ Liquidation      ☐ Drawback

☐ Refusal to Reliquidate      ☐ Rate of Duty      ☐ Redelivery

**28 U.S.C. § 1581(b) - Tariff Act of 1930, Section 516 - 19 U.S.C. § 1516**

☐ Appraisal      ☐ Classification      ☐ Rate of Duty

**28 U.S.C. § 1581(c) - Tariff Act of 1930, Section 516A(a)(1), (a)(2) or (a)(3) - 19 U.S.C. §1516a or Section 517(g) – 19 U.S.C. §1517**

(*Provide a brief description of the administrative determination you are contesting, including any relevant **Federal Register** or **Administrative Determination** citation(s) and the product(s) involved in the determination. For Section 516A(a)(1) or (a)(2), cite the specific subparagraph and clause of the section.*)

Subparagraph and Clause _____ Agency_____

**Federal Register** or **Administrative Determination** Cite(s) _____

Product(s)_____

**28 U.S.C. § 1581(d) - Trade Act of 1974 - 19 U.S.C. §§ 2273, 2341, 2401b**

☐ U.S. Secretary of Labor      ☐ U.S. Secretary of Commerce      ☐ U.S. Secretary of Agriculture

**28 U.S.C. § 1581(e) - Trade Agreements Act of 1979, Section 305(b)(1) - 19 U.S.C. § 2515** (*Provide a brief statement of the final determination to be reviewed.*)

**28 U.S.C. § 1581(f) - Tariff Act of 1930, Section 777(c)(2) - 19 U.S.C. § 1677f(c)(2)**

Agency:      ☐ U.S. International Trade Commission      ☐ Administering Authority

**28 U.S.C. § 1581(g) - Tariff Act of 1930, Section 641 - 19 U.S.C. § 1641 - or Section 499 - 19 U.S.C. § 1499**

☐ Sec. 641(b)(2)      ☐ Sec. 641(b)(3)      ☐ Sec. 641(c)(1)      ☐ Sec. 641(b)(5)

☐ Sec. 641(c)(2)      ☐ Sec. 641(d)(2)(B)      ☐ Sec. 499(b)

## JURISDICTION
(Continued)

**28 U.S.C. § 1581(h) - Ruling relating to:**

☐ Classification    ☐ Valuation    ☐ Restricted Merchandise

☐ Rate of Duty    ☐ Marking    ☐ Entry Requirements

☐ Drawbacks    ☐ Vessel Repairs    ☐ Other: _____

_____

**28 U.S.C. § 1581(i) -** (*Cite any applicable statute and provide a brief statement describing jurisdictional basis.*)

GATT of 1994, Article XVII & XVIII - access to technologies and life accroding to economic development CONSTITUTIONAL - does Ordered Liberty, American First and "life" require this CIT to honor the GATT and Doha and signers decisions to require each signing state to serve its own citizens first?

**28 U.S.C. § 1582 - Actions Commenced by the United States**

☐ (1) Recover civil penalty under Tariff Act of 1930:

☐ Sec. 592    ☐ Sec. 593A    ☐ Sec. 641(b)(6)

☐ Sec. 641(d)(2)(A)    ☐ Sec. 704(i)(2)    ☐ Sec. 734(i)(2)

☐ (2) Recover upon a bond

☐ (3) Recover customs duties

## R E L A T E D    C A S E(S)

To your knowledge, does this action involve a common question of law or fact with any other action(s) previously decided or now pending?

|  | PLAINTIFF | COURT NUMBER | JUDGE |
|---|---|---|---|
| ☐ Decided: |  |  |  |
| ☐ Pending: |  |  |  |

(Attach additional sheets, if necessary.)

_____
*Signature of Plaintiff's Attorney*

7/5/2026
_____
*Date*

(As amended, eff. Jan. 1, 1985; Jan. 25, 2000, eff. May 1, 2000; May 25, 2004, eff. Sept. 1, 2004; Nov. 29, 2005, eff. Jan. 1, 2006; Nov. 28, 2006, eff. Jan. 1, 2007; Dec. 4, 2012, eff. Jan. 1, 2013; Sept. 18, 2018, eff. Oct. 15, 2018; Oct. 23, 2025, eff. Dec. 1, 2025.)